BELAVAL, PLAINTIFF AND RESPONDENT, *v.* TODD, MAYOR OF SAN JUAN, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in *Mandamus* Proceedings.

MOTION by Plaintiff-Respondent for Dismissal of the Appeal for Failure to File the Transcript of the Record.

ORAL Motion by Defendant-Appellant at the Hearing to Dismiss the Case on the Ground that the *Mandamus* Would Serve No Practical Purpose.

No. 1259.—Decided February 20, 1915.

SUPREME COURT RULES.—Rules 40 and 58 of this court were adopted by virtue of the judicial power conferred upon the court by the Organic Act and the Code of Civil Procedure.

TRANSCRIPT OF RECORD.—Although no provision is made in the Code of Civil Procedure or in any of its amendments fixing the time within which a transcript of the record should be filed in this court when there is no statement of the case or bill of exceptions, it should be filed within the period of thirty days prescribed by rule 40.

ID.—EXTENSION OF TIME—JURISDICTION.—Rules 40 and 58 are not exhaustive of the power of the court and when once it has acquired jurisdiction by appeal, its power to extend the time for filing a transcript of the record is complete; and it was not the intention of the Legislature in enacting Act No. 70 of March 9, 1911, to curtail that power by saying that the transcript of the record should be filed in this court thirty days after the approval of the statement of the case by the trial judge.

SUPREME COURT RULES—JURISDICTION.—Rule 58 shows that the power exercised thereunder is by virtue of the inherent power of the court over the records in cases over which it has acquired jurisdiction.

TRANSCRIPT OF RECORD—EXTENSION OF TIME.—The appellant having obtained an extension of time in which to file a transcript of the record before a motion for dismissal of the appeal should be filed and having filed the transcript of the record within said extended period, it was held that according to the principles of strict procedure and the rules of this court the transcript of the record should be considered as filed within the time fixed by law.

DISMISSAL OF APPEAL—STATEMENT OF CASE.—Failure to file a statement of the case is not of itself sufficient ground for the dismissal of an appeal, since this does not prevent the court from examining the pleadings.

MANDAMUS—DISMISSAL OF APPEAL—TRANSCRIPT OF RECORD.—The question of whether an appeal in *mandamus* proceedings should be dismissed on the ground that it would serve no practical purpose, cannot be considered on a motion for dismissal of the appeal for failure to file the transcript of the record in time, because that would involve the merits of the case.

The facts are stated in the opinion.

*Messrs. Ramón Falcón* and *Adrián Agosto* for the appellant.

*Messrs. Eduardo Acuña* and *H. S. Belaval* for the respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is the second motion made in this case to dismiss the appeal. The first was presented on November 2, 1914, and was heard on November 9 and decided on November 16. *Belaval* v. *Todd, Mayor of San Juan*, 21 P. R. R., 419.

The first motion was based on rule 59 of this court and the court decided that there was no proof of bad faith on the part of the appellant and not sufficient proof of lack of diligence, especially as the question of such lack of diligence had been submitted to the district court and decided against the contention of the propounder of the present motion.

Some time after this, namely, on November 20, 1914, the respondent in this case made an application for a writ of *certiorari*, which was heard by the court December 3, 1914, and disposed of in an exceedingly summary manner, considering the importance of the case, on December 24, 1914. *Belaval* v. *Córdova Dávila*, 21 P. R. R., 509. While this *certiorari* was pending in this court, on December 12, 1914, the appellant alleged that he had prepared and presented to the District Court of San Juan the record on appeal, but that

the secretary of that court could not certify to the record because the original papers had been transmitted to this court by reason of the writ of *certiorari*. The appellant petitioned the court, therefore, to extend his time for twenty days as the time for filing the record was about to expire. On December 14, 1914, the court made an order by which the time for presenting the transcript was extended for twenty days, to begin on December 18, 1914. The order of this court was notified to Mr. Falcón, the attorney of the appellant, and to Mr. Belaval, the attorney of the respondent, on December 15, 1914.

On December 26, 1914, the respondent made his second motion to dismiss the appeal, reciting that on December 24, 1914, this court had made a decision in the *certiorari* case annulling the extension of time granted to the appellant by the District Court of San Juan within which to file the statement of the case.

The ground for asking for the dismissal in the second motion is that, as the statement of the case had been stricken from the record, the *mandamus* case stood as if no statement of the case had ever been presented, and that, therefore, the appellant was under a duty to present his record on appeal within thirty days from the time of the date of the appeal, citing rule 40 of this court and the decision in the case of *Ciuró* v. *Ciuró,* 20 P. R. R., 36.

The writ of *certiorari* annulled an order of the District Court of San Juan bearing date May 29, 1914. This motion was presented on December 26, 1914. The writ of *certiorari* which was finally granted by this court would have been equally available to the respondent at any time from the date of said order of the District Court of San Juan, namely, May 29, 1914. Rule 58 of this court provides:

"If the transcript of the record or the brief made by appellants be not filed within the time prescribed, the appeal may be dismissed, on motion, after notice given. If the transcript, though not filed

within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion.''

This rule, as well as rule 40 on which the respondent relies, was made pursuant to the judicial power vested in this court by the Foraker Act and by the Code of Civil Procedure passed by the local Legislature of Porto Rico. No provision is made in the Code of Civil Procedure, or any other law, for the time when an appeal should be brought to this court in case there is no statement of the case or bill of exceptions. Rule 40 and rule 58 were each made in pursuance of the power vested in this court to govern cases over which it had acquired jurisdiction by reason of an appeal from a district court, but these rules are not exhaustive of the power of the court over appeals when it once has acquired jurisdiction. We have repeatedly extended the time for filing a transcript of record both before and after the Legislature passed Act No. 70 of March 9, 1911, inasmuch as the power of this court over the cases in which it has acquired jurisdiction is complete and it was not the intention of the Legislature to curtail the power of extension by saying that the transcript should be filed in this court thirty days after the approval of the statement of the case by the trial judge. We have also held in several decisions that rule 58 is still in full force and vigor. *García* v. *American Railroad Co. of Porto Rico,* 17 P. R. R., 519; *Hernández* v. *The American Railroad Co. of Porto Rico,* 17 P. R. R., 1177, and *Successors of José Martínez* v. *Tomás Dávila & Co.,* 17 P. R. R., 970. See also *Parker* v. *Oller,* 21 P. R. R., 426. Now, if this court can make a rule, as we have held it can, to cover cases when the record is on file in spite of the transcript being brought up more than thirty days after the time fixed by rule 40, we have also the same power to extend the time for filing a transcript in advance of a motion to dismiss by a respondent.

On December 12, 1914, the appellant, under the erroneous impression that he still had some days in which to file

a transcript, made an application to this court for the extension of time to file such transcript. His erroneous impression was based on the action of the District Court of San Juan in attempting to extend the time. Be that as it may, at the time the appellant made such motion for an extension there was no motion pending asking for a dismissal of the case, and the *certiorari* had not been decided. The motion asking for an extension of time was granted, to run from December 18, and such time expired on January 7, 1915. On January 6, 1915, the record in this case was filed in the court. Although this transcript was filed, as respondent alleged, eleven days later than the motion to dismiss, nevertheless it was filed within the twenty days granted by this court. No application was made to this court by respondent to curtail the time or to reconsider its action of December 14. The order extending the time for filing the transcript remained in force, and the record, according to the principles of strict procedure and our own rules, must be held to have been filed in time.

But considering the peculiar nature of the case, and considering that the District Court of San Juan and, apparently, all the attorneys had an idea that an order to extend the time for filing a bill of exceptions until the stenographer's notes were turned over was a perfectly valid exercise of power, we would have exercised our discretionary power to permit this appeal to stand. The case was most extraordinary. Not only the bar in general but the attorneys of the respondent were under the same impression as the district court, because, as we have pointed out, the *certiorari* which was finally granted could have been obtained in June or July, 1914, and no attempt was made by the respondent to apply for the *certiorari* until November 20, 1914. In the original motion to dismiss there was no reliance on the grounds made in the *certiorari*, everyone relying upon the practice of waiting for the stenographer's notes, which was the practice for years.

Respondent in his brief attempts to chide the court for failing to decide the original motion in his favor. He insists in petulant language that the bad faith of the appellant is now justified, as the latter is now insisting that the *mandamus* must be held to be ineffective. Respondent's attitude and language are very disrespectful and this is not the conduct to be observed by parties or attorneys before this court. Not only in the original motion but in the motion now before the court the respondent failed to show the bad faith of the appellant, and failed to prove the lack of diligence of the said appellant. On the other hand, the record shows that the respondent could have sought the relief finally obtained by the *certiorari* months before. We are not satisfied that the respondent at any time exhausted his remedies either in this court or in the court below. The same application made in the petition for *certiorari* could have been made in the original motion, and such a motion could have been presented to this court in the months of June or July. The respondent could always have maintained, and we believe successfully, that the action of the district court in its order of May 29, 1914, was null and void. The comments, then, of the respondent come with exceedingly bad grace. Furthermore, respondent not only attacks the appellant without due showing and criticises the court in a disrespectful manner, but the comments in question have nothing to do with the matter immediately before the court, namely, whether the appeal ought not to be dismissed because the record, as alleged by respondent, was not brought up in time.

In addition to the motion of the respondent, the appellant, at the hearing, made an oral motion to dismiss and file the case on the ground that the *mandamus* would be fruitless. We shall not enter into the consideration of such a question because it really involves the merits of the action. We have frequently held that the failure to bring up a statement of the case does not prevent this court from examining the pleadings. The merits of these pleadings can be consid-

ered after a full hearing, and the issues should not be disposed of in this irregular and unsatisfactory way.

The motions of the respondent and of the appellant must be

*Overruled.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.